**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Mayra Rocio Nunez Monarrez,

Plaintiff(s),

v.

Cardenas Markets, LLC,

Defendant(s).

Case No. 2:26-cv-01196-APG-NJK

**Order**

[Docket Nos. 17, 21]

Pending before the Court is Defendant's motion to exclude late-disclosed experts. Docket No. 17. Plaintiff filed a response in opposition. Docket No. 20. Plaintiff also filed a motion to supplement. Docket No. 21. Defendant filed a reply. Docket No. 24. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** the motion to exclude late-disclosed experts.

Expert disclosures served in violation of the case management schedule may be subject to exclusionary sanctions, but exclusion may not be ordered if the underlying violation is harmless. Fed. R. Civ. P. 37(c)(1). "Harmlessness may be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant to depose the expert and challenge his expert report." *Pac. Indemn. Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097 (D. Nev. Aug. 25, 2016) (Gordon, J.) (collecting cases). To that end, courts are disinclined to order exclusion when any risk of prejudice can be remedied during the existing discovery period or with a limited and brief extension of discovery. *See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (collecting case); *see also, e.g.*, *Pacific Indemnity*, 203 F. Supp. 3d at 1098 (extending the discovery cutoff to mitigate prejudice); *Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *5 (D. Nev. Jan. 6, 2011) ("The risk of prejudice to Plaintiff is minimal and easily remedied because there is still time for Plaintiff to depose Hyde before trial").

There is no dispute that Plaintiff's disclosures here were untimely. Counsel explains that she had not seen the Court's order establishing the operative disclosure deadline given a family

medical emergency, which led to a calendaring error. *See, e.g.*, Docket No. 20-1 at ¶ 15. Nonetheless, the expert disclosures were made relatively shortly after the initial disclosure deadline and with roughly two weeks still left before the rebuttal disclosure deadline. The parties had discussed and agreed to an extension around that time, *see, e.g.*, Docket No. 20-1 at ¶ 30,[1] and the discovery period still remains open now for limited purposes in light of a misunderstanding as to the Rule 30(b)(6) deposition, *see* Docket No. 23. Hence, any potential prejudice to Defendant as to rebuttal experts is properly addressed to a meet-and-confer and, if necessary, a joint request for modest modification of the case management deadlines. Moreover, Plaintiff's counsel attests that she "had not opened or reviewed Defendant's expert reports and that those reports had not been provided to Plaintiff's experts, and would not be provided to Plaintiff's experts, until after initial reports were served." Docket No. 20-1 at ¶ 31. As such, the disclosure violation also did not impact the substance of Plaintiff's own disclosures. Given the circumstances, Plaintiff made a sufficient showing of harmlessness such that harsh exclusionary sanctions are not warranted.[2]

---

[1] The parties filed a stipulation, but it sought a 90-day extension predicated largely on different issues related to obtaining medical records. Docket No. 15. Although the Court had already instructed the parties that the medical records issues were insufficiently developed, their stipulation again failed to provide the necessary information. *See id.* As such, the Court denied the stipulation for a 90-day extension. The Court did not opine on the more discrete issues regarding the family medical issue. Importantly, the denial was without prejudice, so the parties could have filed a renewed request seeking a more modest extension specific to the specific issues now before the Court. *See, e.g.*, *ProCare Hospice of Nev., LLC v. OneCare Hospice, LLC*, 340 F.R.D. 174, 177 n.5 (D. Nev. 2021) (explaining that an order denying a request without prejudice is telling the parties that they may "try again"). To that end, defense counsel specified that he would not oppose any renewed motion that Plaintiff filed. *See* Docket No. 20-8. Rather than file an unopposed motion, however, Plaintiff's counsel sought "informal" extensions from opposing counsel and then decided that "an additional extension was not necessary" despite serving untimely expert disclosures. *See* Docket No. 20 at 6-7. Although without malintent, Defendant is correct that Plaintiff's counsel's decision-making was inexplicable, uninformed, and careless. Docket No. 24 at 4. The current motion practice should have been avoided by Plaintiff simply filing an unopposed motion seeking a modest extension specific to the family medical emergency and the expert disclosures. Although the Court recognizes that this case was removed to federal court by Defendant, Plaintiff's counsel must immediately familiarize themselves with federal practice. *See, e.g.*, *Dela Rosa v. Scottsdale Mem. Hosp. Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998).

[2] When an expert disclosure is untimely and exclusion is not warranted, there might be lesser sanctions (like attorneys' fees) imposed to account for that violation. *See, e.g.*, *Pacific Indemnity*, 203 F. Supp. 3d at 1098. "When the movant has not sought or identified such alternative sanctions, however, the Court need not address whether they might be imposed." *Garcia v. Lincoln Life Ass. Co. of Boston*, 2022 WL 20111376, *2 n.5 (D. Nev. Sept. 16, 2022). The pending motion does not seek lesser sanctions.

Accordingly, the Court **DENIES** Defendant's motion to exclude late-disclosed experts. Docket No. 17. The Court **DENIES** as moot the motion to supplement. Docket No. 21. Counsel must immediately confer and, if necessary to cure any potential prejudice to Defendant, must file any request to modify the case management schedule by October 28, 2026.

IT IS SO ORDERED.

Dated: October 21, 2026

Nancy J. Koppe
United States Magistrate Judge